Argued and submitted October 17, affirmed December 24, 1996

In the Matter of the Compensation of
William R. Englestadter, Claimant.

LIBERTY MUTUAL INSURANCE
and United Parcel Service,
*Petitioners,*

*v.*

William R. ENGLESTADTER,
*Respondent.*

(WCB 94-14109; CA A91707)

930 P2d 264

Richard D. Barber, Jr. argued the cause for petitioners. With him on the brief was Bostwick, Sheridan & Bronstein.

Philip Emerson argued the cause for respondent. With him on the brief was Brothers, Steelhammer & Ash.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred as a matter of law in relying on a medical opinion that had been provided before claimant's medically stationary date to determine the level of his impairment, and that substantial evidence does not support the Board's findings concerning the extent of disability. We conclude that the Board's findings are supported by substantial evidence. We affirm the Board, and write for the purpose of explaining why the Board did not err in relying on the medical opinion that had been provided before claimant became medically stationary.

Claimant suffers from a compensable skin condition caused by prolonged exposure to sun in his job as a United Parcel Service driver. Claimant first began seeing his treating physician for the condition in 1986. An initial claim previously had been accepted by employer and closed. In the meantime, defendant continued to undergo treatment, including surgery, and filed an aggravation claim for the condition in May 1993, which employer denied. In September 1993, in preparation for a hearing, claimant's treating doctor provided a deposition describing claimant's condition. An order issued by a referee in October 1993, found that the condition was compensable and set aside the denial. Employer processed the claim and issued a notice of closure in January 1994, determining that claimant was medically stationary as of January 4, 1994. Claimant sought reconsideration of the notice of closure, and the administrative law judge (ALJ) relied on the September 1993, medical opinion of claimant's treating physician to determine the extent of claimant's disability. The Board affirmed the ALJ's order.

Employer contends that medical evidence provided before a claimant has become medically stationary may not be considered for the purpose of determining the extent of disability. Employer relies on ORS 656.268(2), 4(a), (b), which require that impairment be rated *after* the claimant is medically stationary. Focusing on those provisions, employer contends that medical evidence in existence before the date of closure may not be considered over medical evidence at the

time of closure. In our view, although a claimant's condition must be rated as of the medically stationary date, there is no legal prohibition to considering preclosure or premedically stationary evidence for the purpose of determining the extent of the claimant's disability, so long as the evidence bears on the claimant's condition on the medically stationary date. Here, the record supports the Board's finding that claimant's condition did not improve after September 1993. The medical opinion on which the Board relied had been provided some seven years after claimant first sought treatment from the physician. The physician was in a strong position to assess claimant's impairment. It was appropriate for the Board to consider the opinion as one factor in determining claimant's level of disability.

Affirmed.